An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARTIN CASTRO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65783

FILED

DEC 18 2015


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Martin Castro claims that the district court erred in denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial

15-38788

evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Castro argues that both of his trial counsel were ineffective because they failed to adequately cross-examine the victims regarding prior felony convictions. Castro acknowledges that information about prior convictions came out on direct examination for two of the victims but claims that, as the case turned on victim credibility, trial counsel should have emphasized the prior convictions on cross-examination. We conclude that the district court did not err in denying this claim as the jury was informed that two of the victims had prior convictions and, therefore, Castro failed to demonstrate deficiency or prejudice.[1]

Second, Castro argues that trial counsel were ineffective because they failed to conduct adequate pretrial investigation. Castro claimed that trial counsel failed to conduct adequate pretrial investigation into the credibility of the victims or their motivations to lie, and the district court concluded that Castro failed to demonstrate what information would have been revealed with further investigation or that

---

[1]To the extent Castro now argues that trial counsel was ineffective for failing to cross-examine the victims regarding acts of dishonesty, this argument was not raised below, and we need not consider it on appeal in the first instance. *Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means*, 120 Nev. at 1012-13, 103 P.3d at 33.

the information would have created a reasonable probability of a different outcome at trial. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004) (a petitioner claiming that counsel did not conduct an adequate investigation must specify what a more thorough investigation would have uncovered). We conclude that the district court did not err in denying this claim.[2]

Third, Castro argues that trial counsel were ineffective because they failed to make appropriate objections at trial during the State's redirect examination of two of the victims. The district court found that trial counsel testified about strategic reasons for not objecting but also determined that the questions were summarizing evidence previously introduced and therefore that Castro failed to demonstrate a reasonable probability of a different result at trial had the objections been made. We conclude that the district court did not err in denying this claim.

---

[2]Castro appears to change his theory of inadequate pretrial investigation on appeal by claiming that counsel should have discovered information and documents surrounding the victims' prior convictions and arrests so as to cross-examine the victims with acts of dishonesty, *see supra* note 1; however, we need not consider this altered theory on appeal, *see Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995) (stating that petitioner cannot change theory on appeal).

Lastly, Castro argues that cumulative error warrants relief. Because we have found no error, there are no errors to cumulate.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Elissa F. Cadish, District Judge
Nobles & Yanez Law Firm
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk